CASE NO.:

RAIMUNDO RUIZ,
and other similarly situated individuals,

       Plaintiff,

v.

VMSB, LLC
d/b/a CASA CASUARINA
d/b/a GIANNI'S

       Defendant,

_____/

## **COMPLAINT**

The Plaintiff RAIMUNDO RUIZ**,** by and through undersigned counsel, hereby sues

Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S, on the grounds set

forth herein.

## INTRODUCTION

1. This is an action by Plaintiff RAIMUNDO RUIZ under the Age Discrimination in

    Employment Act, 29 U.S.C. 623 (ADEA), and the Florida Civil Rights Act of 1992

    (FCRA), Florida Statute Section 760, to redress the injury done to Plaintiff by the

    Defendant's discriminatory treatment based on his Age.

## JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00 exclusive of interest,

    attorney's fees, and costs.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. The Plaintiff RAIMUNDO RUIZ is a resident of Miami-Dade County, who was employed by the Defendant and is a member of certain protected classes of persons because of his Age.

7. Corporate Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S (hereinafter, "CASA CASUARINA", or Defendant), is a profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9.  All conditions precedent for this action has been fulfilled. On or about April 01, 2019, Plaintiff RAIMUNDO RUIZ dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints.  On or about December 05, 2019, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. The Plaintiff received this document on or about December 11, 2019. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights" ***See composite Exhibit "A."***

STATEMENT OF FACTS

10. The Plaintiff RAIMUNDO RUIZ Plaintiff is a 52 years old male of Cuban National Origin. Plaintiff RAIMUNDO RUIZ is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA) and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, because of his Age, and because of his participation in protected activities within the meaning of federal and state law.

11. The Defendant CASA CASUARINA is an Italian/Mediterranean restaurant located at 1116, Ocean Drive, Miami Beach, Florida 33139, where the Plaintiff worked.

12. Defendant CASA CASUARINA employed Plaintiff RAIMUNDO RUIZ as a non-exempt, hourly, full-time restaurant employee, from on or about March 03, 2015, through approximately March 15, 2019, or more than 4 years.

13. The Plaintiff was a prep cook, and his last wAge rate was $14.00 an hour.

14. Throughout his employment with the Defendant, the Plaintiff performed his duties in an exemplary fashion. The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy.

15. While employed by Defendant Plaintiff never received a verbal nor written warning for any work-related issue.

16. However, during his employment with Defendant, the Plaintiff experienced unlawful discrimination and harassment on the basis of his Age.

17. The Plaintiff did not have any problem until March 2019, when new chef Walter Mancini began to work at CASA CASUARINA.

18. As soon as chef Walter Mancini arrived at the restaurant, he began to discriminate against Plaintiff on the basis of his Age.

19. Chef Walter Mancini harassed Plaintiff by stating: "You are too old and slow to work in this kitchen". Chef Walter Mancini made this and other unwelcome remarks about Plaintiff's Age on a daily basis.

20. The chef Walter Mancini subjected Plaintiff to excessive surveillance and job scrutiny, and he monitored every movement or activity of the Plaintiff. Then chef Walter Mancini would criticize Plaintiff's work, he screamed at Plaintiff humiliating him in front of all his co-workers.

21. The Plaintiff was unfairly admonished, humiliated, and he was blamed for anything that went wrong at work.

22. The Plaintiff tried to cope with the harassment and calmly tried to ignore chef Walter Mancini's offensive remarks in reference to his Age.

23. However, the frequent comments regarding the Plaintiff's Age and the harsh treatment received caused Plaintiff to live with anxiety and in fear of losing his job.

24. Plaintiff had a good reason to be afraid, chef Walter Mancini had ordered Plaintiff to train a younger employee in his position,

25. The Plaintiff felt harassed, unwelcome, uncomfortable, humiliated in his place of work. The Plaintiff perceived his work environment as hostile and intimidating.

26. The Plaintiff could not afford to lose his job, but he could not stand the abusive treatment of chef Walter Mancini anymore.

27. The Plaintiff did not have a clear understanding of the procedure to complain about discrimination and harassment because he never received an employee handbook. Anyways, he decided to confront chef Walter Mancini.

28. On or about March 8, 2019, Plaintiff opposed to the conduct of chef Walter Mancini. The Plaintiff confronted the chef directly and demanded to be treated with respect and dignity. The Plaintiff complained about being unlawfully discriminated and harassed because of his Age. The chef Walter Mancini ignored Plaintiff's complaint and he did not answer any accusation or complaint.

29. This complaint constituted protected activity under Federal and State law.

30. After Plaintiff's complaint chef Walter Mancini increased his harassment in a retaliatory way.

31. Regardless of the abusive conduct of the chef, the Plaintiff continued working very hard without any further complaints and suffering the harassment and hostile working environment because of his Age.

32. On or about March 15, after Plaintiff finished his shift, chef Walter Mancini called Plaintiff to his office and told him that he was not needed anymore.

33. Upon information and belief, the Plaintiff's position was replaced with the younger individual that Plaintiff was training.

34. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged. The Plaintiff suffered serious economic losses as well as mental pain and suffering, which was detrimental to the Plaintiff's health.

35. The Plaintiff was fired by the Defendant, and the Plaintiff's termination was directly and proximately caused by the Defendant's unlawful discrimination and harassment on basis of Age, in violation of both Federal and State Laws.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

36. Plaintiff RAIMUNDO RUIZ re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

37. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d).

38. Defendant CASA CASUARINA employed Plaintiff RAIMUNDO RUIZ as a non-exempt, hourly, full-time restaurant employee, from on or about March 03, 2015, through approximately March 15, 2019, or more than 4 years.

39. The Plaintiff was a full-time, prep cook. At the time of his termination, Plaintiff's wage-rate was $14.00 an hour.

40. At all times material hereto, the Employer/Defendant CASA CASUARINA failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq*., as amended, which states, "It shall be unlawful for an employer:  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

41. The discrimination of Plaintiff by Defendant was caused by the Defendant being aware of the Plaintiff's Age, to wit: 51 years of Age at the time of his termination.

42. The discrimination of Plaintiff RAIMUNDO RUIZ by Defendant CASA CASUARINA was caused by the Defendant being aware of the Plaintiff's Age.

43. At all relevant times aforementioned, including the time of discrimination, the Defendant was aware that Plaintiff RAIMUNDO RUIZ was 51 years old.

44. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.  The Plaintiff was qualified for the position apart from his apparent Age.

45. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

46. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

47. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his Age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

48. The Plaintiff was fired by the Defendant and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 51 years old, in violation of the Act.

49. At the time of the Defendant's termination of his employment, the Plaintiff did perform and excel at the performance of the essential functions of his position.

50. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant CASA CASUARINA is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age and complaints related to the unlawful acts of discrimination and harassment.

51. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his Age. The discrimination based on Age constitutes unlawful discrimination.

52. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

53. Defendant, CASA CASUARINA is subject to vicarious liability for the actions of its Agents because it failed to take adequate remedial measures to halt the discrimination, harassment, hostile working environment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

54. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RAIMUNDO RUIZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant CASA CASUARINA to make Plaintiff whole, by compensating Plaintiff for lost wAges, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Age.

E. For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including attorney's fees and further demands a trial by jury on all issues so triable.

JURY TRIAL DEMAND

Plaintiff RAIMUNDO RUIZ demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (d) (ADEA):**
**ANTI-RETALIATION PROVISION**

55. Plaintiff RAIMUNDO RUIZ re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

56. Defendant CASA CASUARINA employed Plaintiff RAIMUNDO RUIZ as a non-exempt, hourly, full-time restaurant employee, from on or about March 03, 2015, through approximately March 15, 2019, or more than 4 years.

57. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), which states, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment,…because such individual,… *has opposed any practice made unlawful by this section*, or because of such individual,… has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under this chapter" (emphasis added).

58. The Defendant CASA CASUARINA is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of

1967, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

59. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

60. During his time of employment with Defendant CASA CASUARINA, Plaintiff RAIMUNDO RUIZ suffered discrimination and harassment on the basis of his Age.

61. Chef Walter Mancini subjected Plaintiff to discriminatory treatment on the basis of his Age.

62. Chef Walter Mancini harassed Plaintiff by stating: "You are too old and slow to work in this kitchen". Chef Walter Mancini made this and other unwelcome remarks about Plaintiff's Age on a daily basis.

63. The chef Walter Mancini subjected Plaintiff to excessive surveillance and job scrutiny, and he monitored every movement or activity of the Plaintiff. Then chef Walter Mancini would criticize Plaintiff's work, he screamed at Plaintiff humiliating him in front of all his co-workers.

64. The Plaintiff was unfairly admonished, humiliated, and he was blamed for anything that went wrong at work.

65. The harassment of chef Walter Mancini was so pervasive and severe that it created a hostile working environment for Plaintiff who lived in fear of losing his job.

66. On or about March 8, 2019, Plaintiff opposed to the conduct of chef Walter Mancini. The Plaintiff confronted the chef directly and demanded to be treated with respect and dignity. The Plaintiff complained about being unlawfully

discriminated and harassed because of his Age. The chef Walter Mancini ignored Plaintiff's complaint and he did not answer any accusation or complaint.

67. This complaint constituted protected activity under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

68. After Plaintiff's complaint chef Walter Mancini increased his harassment in a retaliatory way.

69. The Plaintiff did not know an effective procedure to complain about the unlawful conduct of the chef, because he never received an employee handbook.

70. Regardless of the abusive conduct of the chef, the Plaintiff continued working very hard without any further complaints and suffering the harassment and hostile working environment because of his Age.

71. On or about March 15, after Plaintiff finished his shift, chef Walter Mancini called Plaintiff to his office and told him that he was not needed anymore.

72. At the time of his termination Plaintiff performed and excelled at the functions of his job, any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment because of his Age.

73. Upon information and belief, the Plaintiff's position was replaced with the younger individual that Plaintiff was training.

74. The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

75. Defendant CASA CASUARINA through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected

rights, retaliated against Plaintiff RAIMUNDO RUIZ on account of Plaintiff's complaints and being discriminated because of his Age.

76. On March 15, 2019, the Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d)

77. Moreover, the Plaintiff's termination came just in temporal proximity (seven days) after Plaintiff's participation in protected activity.

78. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Age and retaliation due to their complaints of unlawful discrimination. Retaliation based on having engAged in a protected activity constitutes unlawful retaliation.

79. As a result of the retaliation, Plaintiff RAIMUNDO RUIZ has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

80. Defendant CASA CASUARINA is subject to vicarious liability for the actions of its Agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

81. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RAIMUNDO RUIZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wAges, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from the discrimination and/or for terminating Plaintiff in retaliation of his complaints of Age discrimination.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorneys' fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff RAIMUNDO RUIZ demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**</u>
<u>**DISCRIMINATION BASED ON AGE**</u>

82. Plaintiff RAIMUNDO RUIZ re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

83. Plaintiff is a member of a protected class under Title VII, and the Florida Civil Rights Act because of his Age, within the meaning of the Florida Civil Rights Act.

84. Defendant CASA CASUARINA employed Plaintiff RAIMUNDO RUIZ as a non-exempt, hourly, full-time restaurant employee, from on or about March 03, 2015, through approximately March 15, 2019, or more than 4 years.

85. At all times material hereto, the Employer/Defendant CASA CASUARINA failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states:

 *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, Age, handicap, or marital status.*

86. The discrimination and termination of Plaintiff RAIMUNDO RUIZ by Defendant were based on the Plaintiff being 51 years old.

87. The Discrimination and Harassment of Plaintiff RAIMUNDO RUIZ by Defendant CASA CASUARINA was caused by the Defendant being aware of the Plaintiff's Age.

88. The Plaintiff was harassed and discriminated because of his Age, he suffered discriminatory treatment, hostile working environment, retaliation, and finally, he was terminated.

89. At all relevant times, including the time of the employment termination of Plaintiff, Defendant, was aware that Plaintiff was 51 years old.

90. At the time of the Defendant's termination of his employment, the Plaintiff did perform and excel at the performance of the essential functions of his position.

91. The Plaintiff was well qualified for the position.

92. The Plaintiff was fired by the Defendant and the Plaintiff's termination of employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his Age, in violation of Florida Statute Section 760.

93. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

94. Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, his Age.

95. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital status.

96. The actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

97. Defendant CASA CASUARINA is subject to vicarious liability for the actions of its Agents because it failed to take adequate remedial measures to halt the

Discrimination, Harassment to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

98. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAIMUNDO RUIZ respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA, its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wAges, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his Age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff RAIMUNDO RUIZ demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES; RETALIATION**

99. Plaintiff RAIMUNDO RUIZ re-adopts every factual allegation as stated in paragraphs 1-35 and 82-99 of this Complaint as if set out in full herein.

100. This is an action against CASA CASUARINA for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

101. Defendant CASA CASUARINA employed Plaintiff RAIMUNDO RUIZ as a non-exempt, hourly, full-time restaurant employee, from on or about March 03, 2015, through approximately March 15, 2019, or more than 4 years.

102. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under Title VII.

103. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment Agency, a joint labor manAgement committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

104. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Age, and because of their participation in protected activities within the meaning of the Florida Civil Rights Act.

105.     Plaintiff RAIMUNDO RUIZ while working for Defendant CASA CASUARINA was subjected to discrimination and harassment based on his Age.

106.     During his time of employment with Defendant CASA CASUARINA, Plaintiff RAIMUNDO RUIZ suffered discrimination and harassment on the basis of his Age.

107.     Chef Walter Mancini subjected Plaintiff to discriminatory treatment and harassment on the basis of his Age.

108.     Chef Walter Mancini harassed Plaintiff by stating: "You are too old and slow to work in this kitchen". Chef Walter Mancini made this and other unwelcome remarks about Plaintiff's Age on a daily basis.

109.     The chef Walter Mancini subjected Plaintiff to excessive surveillance and job scrutiny, and he monitored every movement or activity of the Plaintiff. Then chef Walter Mancini would criticize Plaintiff's work, he screamed at Plaintiff humiliating him in front of all his co-workers.

110.     The harassment of chef Walter Mancini was so pervasive and severe that it created a hostile working environment for Plaintiff who lived in fear of losing his job.

111.     On or about March 8, 2019, Plaintiff opposed to the conduct of chef Walter Mancini. The Plaintiff confronted the chef directly and demanded to be treated with respect and dignity. The Plaintiff complained about being unlawfully discriminated and harassed because of his Age. The chef Walter Mancini ignored Plaintiff's complaint and he did not answer any accusation or complaint.

112.     This complaint constituted protected activity under the FCRA.

113.     After Plaintiff's complaint chef Walter Mancini increased his harassment in a retaliatory way.

114.     The protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

115.     The Plaintiff did not know an effective procedure to complain about the unlawful conduct of the chef, because he never received an employee handbook.

116.     Regardless of the abusive conduct of the chef, the Plaintiff continued working very hard without any further complaints and suffering the harassment and hostile working environment because of his Age.

117.     On or about March 15, 2019, after Plaintiff finished his shift, chef Walter Mancini called Plaintiff to his office and told him that he was not needed anymore.

118.     At the time of his termination Plaintiff performed and excelled at the functions of his job, any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment because of his Age.

119.     Defendant CASA CASUARINA through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's statutory protected rights, retaliated against Plaintiff RAIMUNDO RUIZ on account of Plaintiff's complaints about being discriminated because of his Age.

120.     On March 15, 2019, the Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of the FCRA.

121. Moreover, the Plaintiff's termination came just in temporal proximity (Seven days) after Plaintiff's participation in protected activity.

122. Defendant CASA CASUARINA is subject to vicarious liability for the actions of its Agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

123. The harassment and discrimination were perpetrated by the decision-maker, and this fact, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's Age within the meaning of Section 760.10 of the Florida Civil Rights Act.

124. As a direct and proximate result of the actions and omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of his statutory rights.

125. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wAges and an inability to earn wAges in the future. These losses are continuing and will continue in the future.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RAIMUNDO RUIZ respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B. Award Plaintiff RAIMUNDO RUIZ judgment against the Defendant CASA CASUARINA for compensatory damages as determined by the Trier of fact.

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D. Enter Judgment for Punitive damages against CASA CASUARINA.

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff RAIMUNDO RUIZ, demands trial by a jury of all issues triable as of right by jury.

Dated: March 6th, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*
